IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JULIE JONES, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>LOWTHER JOHNSON ATTORNEY AT LAW, LLC,<br><br>Defendant. | CIVIL ACTION<br>FILE NO._____<br><br>**CLASS COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Julie Jones ("Plaintiff") brings this putative class action against Defendant Lowther Johnson Attorney at Law, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resided in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to

the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1343 (S.D. Fla. 2016).

7. "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

8. "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations." *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

9. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

10. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

11. "[T]he FDCPA is a broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied 'in a liberal manner.'" *Cordes v. Frederick J. Hanna & Associates, P.C.*, 789 F. Supp. 2d 1173, 1175 (D. Minn. 2011) (quoting *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn. 2008)).

12. "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. John R. Hawks, Ltd.*, 77 F.Supp.2d 1041, 1043 (D. Minn. 1999).

13. "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

14. The unsophisticated consumer standard is "designed to protect consumers of below average sophistication or intelligence, but they also contain an 'objective element of

reasonableness.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (quoting *Gammon v. G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

15. Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

## PARTIES

16. Plaintiff is a natural person.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

21. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

23. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24. Prior to March 20, 2017, Plaintiff disputed the Debt with Defendant.

25. In response, Defendant sent Plaintiff written communication (including enclosures) dated March 20, 2017.

26. A true and correct copy of the March 20, 2017 letter (excluding enclosures) is attached as Exhibit A.

27. The March 20, 2017 letter was written on Defendant's law firm letterhead. Exhibit A.

28. The March 20, 2017 letter contained a signature block and signature for attorney Kory D. Stubblefield. Exhibit A.

29. The March 20, 2017 letter contained a subject line stating: "Lester E. Cox Medical Centers vs. Jeremy Jones and Julie Jones." Exhibit A.

30. Upon receiving the March 20, 2017 letter, the least sophisticated consumer would believe a lawsuit had been filed against her.

31. Upon information and belief, neither Defendant nor its client had filed a lawsuit against Plaintiff as of March 20, 2017.

32. Upon information and belief, Defendant did not file a lawsuit against Plaintiff on behalf of its client until September 7, 2017.

33. Defendant sent Plaintiff a letter dated September 11, 2017 requesting Plaintiff complete a financial statement to determine an appropriate monthly payment amount.

34. Plaintiff submitted the completed form to Defendant within the time allotted.

35. In response, Defendant sent Plaintiff a letter dated September 19, 2017.

36. A true and correct copy of the September 19, 2017 letter is attached as Exhibit B.

37. In addition to the subject line, the September 19, 2017 letter identified "**Case No. 1731-AC06352**." Exhibit B (emphasis in original).

38. The September 19, 2017 letter rejected the monthly payment amount offered by Plaintiff with the financial statement. Exhibit B.

39. The September 19, 2017 letter stated, "my client is willing to withhold *execution on the judgment*" if Plaintiff paid Defendant's proposed monthly sum. Exhibit B (emphasis added).

40. The September 19, 2017 letter stated that Defendant would accept the monthly payments "until the balance of the judgment is satisfied." Exhibit B.

41. Enclosed with the September 19, 2017 letter was a consent to judgment form. Exhibit B.

42. In the consent to judgment, Defendant and its client would agree to withhold execution on the judgment as long as Plaintiff timely remitted payments.

43. Upon receiving the September 19, 2017 letter, the least sophisticated consumer would believe that a judgment had already been entered against her.

44. Upon receiving the September 19, 2017 letter, the least sophisticated consumer would believe that execution on the purported judgment was imminent.

45. Upon receiving the September 19, 2017 letter, the least sophisticated consumer would believe that the only way to avoid execution on the purported judgment was to agree to Defendant's proposed monthly payment amount and sign the consent to judgment.

46. Upon information and belief, no judgment had been entered against Plaintiff as of September 19, 2017.

47. Upon information and belief, Defendant had not even served Plaintiff as of September 19, 2017.

48. Defendant's letters mislead the consumer and create a false sense of urgency to act for fear of imminent legal consequences.

## CLASS ACTION ALLEGATIONS

49. Plaintiff repeats and re-alleges all factual allegations above.

50. Defendant's March 20, 2017 letter is based on a form or template used by Defendant to send collection letters (the "March 20, 2017 Letter Template").

51. The March 20, 2017 Letter Template falsely represents that a lawsuit has been filed against the consumer by, among other things, styling a caption of the letter as the consumer's creditor "vs." the consumer, in the same manner as Defendant did with Plaintiff above.

52. Defendant has used the March 20, 2017 Letter Template to send collection letters to over 40 individuals in the State of Missouri within the year prior to the filing of the original complaint in this matter.

53. Defendant's September 19, 2017 letter is based on a form or template used by Defendant to send collection letters (the "September 19 2017 Letter Template").

54. The September 19, 2017 Letter Template falsely represents that a judgment has already been entered against the consumer by, among other things, referencing withholding execution on "the judgment", in the same manner as Defendant did with Plaintiff above.

55. Defendant has used the September 19, 2017 Letter Template to send collection letters to over 40 individuals in the State of Missouri within the year prior to the filing of the original complaint in this matter.

56. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following classes of individuals:

**March 20, 2017 Letter Template**
All persons with a Missouri address, to whom Defendant sent a letter based upon the March 20, 2017 Letter Template, within one year before the date of this complaint, in connection with the collection of a consumer debt, where lawsuit on the debt had been filed against the consumer.

**September 19, 2017 Letter Template**
All persons with a Missouri address, to whom Defendant sent a letter based upon the September 19, 2017 Letter Template, within one year before the date of this complaint, in connection with the collection of a consumer debt, where no judgment on the debt had been entered against the consumer.

57. The proposed classes specifically excludes the United States of America, the State of Missouri, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eighth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

58. The classes are averred to be so numerous that joinder of members is impracticable.

59. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

60. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

61. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

62. Plaintiff's claims are typical of those of the classes she seeks to represent.

63. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

64. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

65. Plaintiff will fairly and adequately protect the interests of the classes and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the classes.

66. Plaintiff is willing and prepared to serve this Court and the proposed classes.

67. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

68. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

69. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

70. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would

necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

71. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

72. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

73. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

74. Plaintiff repeats and re-alleges each factual allegation above.

75. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

76. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt, including falsely representing that a lawsuit had been filed against Plaintiff, and falsely representing that a judgment had been entered against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the classes she seeks to represent;

c) Awarding Plaintiff and the classes she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the classes she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the classes she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

77. Plaintiff repeats and re-alleges each factual allegation contained above.

78. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

79. The FTC has stated that: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

80. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt, including falsely representing that a lawsuit had been filed against Plaintiff, and falsely representing that a judgment had been entered against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the classes she seeks to represent;

c) Awarding Plaintiff and the classes she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the classes she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the classes she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

81. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 10, 2017.

        Respectfully submitted,

        /s/ Anthony LaCroix
        Anthony LaCroix
        LaCroix Law Firm, LLC
        MO Bar No.60793
        406 W. 34th Street, Suite 810
        Kansas City, Missouri 64111
        (816) 399-4380
        tony@lacroixlawkc.com
        Attorney for Plaintiff

        Correspondence Address:
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave., D106-618
        Mesa, AZ 85206